J-S51035-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FELIX M. OQUENDO, JR. | |
| Appellant | No. 3532 EDA 2015 |

Appeal from the PCRA Order October 28, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0002338-2008

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 09, 2016**

Appellant, Felix M. Oquendo, Jr., appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, as untimely.  Appellant argues that the mandatory minimum sentence he received violated his constitutional rights, citing **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), a direct appeal.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Hopkins**, in turn, relied on **Alleyne v. United States**, 133 S. Ct. 2151 (2013), filed on June 17, 2013, which held, in effect, that sentence enhancements under a mandatory minimum sentence provision must be decided by a jury beyond a reasonable doubt (not by a preponderance of the evidence).  **Hopkins** decided that 18 Pa.C.S.A. § 6317(a)—which imposed a mandatory minimum sentence for a conviction if a delivery or possession

*(Footnote Continued Next Page)*

We take the factual and procedural history of the case from the trial court's opinions and our independent review of the certified record. A jury convicted Appellant of possession of a controlled substance, possession with intent to deliver a controlled substance (PWID), possession of drug paraphernalia, persons not to possess a firearm, and resisting arrest. On September 3, 2009, the trial court imposed an aggregate sentence of not less than nine nor more than twenty years' incarceration in a state correctional institution.

This Court affirmed the judgment of sentence. (*See Commonwealth v. Oquendo*, 22 A.3d 1074 (Pa. Super. filed November 18, 2010)). Our Supreme Court denied allowance of appeal on July 27, 2011. (*See Commonwealth v. Oquendo*, 26 A.3d 483 (Pa. 2011)). Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. Accordingly, his judgment of sentence became final on October 25, 2011, when the period for seeking such review expired. *See* 42 Pa.C.S.A. § 9545(b)(3).

_____
*(Footnote Continued)*

with intent to deliver a controlled substance occurred within 1,000 feet of, *inter alia*, a school—was constitutionally infirm under *Alleyne*, and the remaining unoffending provisions of section 6317 were incapable of being severed. *See Hopkins*, *supra* at 258, 262.

On December 6, 2011, Appellant filed his first PCRA petition *pro se*. The court appointed counsel, who filed an amended petition. Following a hearing, on March 20, 2012, the court dismissed the petition.

On October 6, 2014, Appellant filed a counseled PCRA petition, his second, requesting relief pursuant to the United States Supreme Court's decision in **Alleyne**, **supra**. Following a hearing and written responses by the parties, on April 6, 2015, the PCRA court dismissed the petition as untimely.

On July 29, 2015, Appellant filed this third PCRA petition, *pro se*. On September 11, 2015, the PCRA court issued an order (dated September 10, 2015) of notice of its intent to dismiss Appellant's petition, pursuant to Pa.R.Crim.P. 907. Appellant responded. After consideration of the response, the PCRA court dismissed the petition on October 28, 2015. This timely appeal followed.[2]

Appellant presents two questions for our review:

> 1. Whether the PCRA [c]ourt erred when it denied [Appellant's] [p]etition for [p]ost [c]onviction [r]elief as untimely, even though [Appellant] satisfied 42 PA.C.S.A. §9545(1) (b)(iii) [sic], §9545(2) [sic], and 42 Pa.C.S. §5505, which allows the [c]ourt to retain jurisdiction to correct patent and obvious errors?

_____

[2] Appellant filed a statement of errors on or about November 3, 2015. The PCRA court filed an opinion on January 11, 2016, referencing the reasoning set forth in its notice of intent to dismiss filed on September 11, 2015, and its order of dismissal filed October 28, 2015. **See** Pa.R.A.P. 1925.

2. Whether the PCRA Court erred by not recognizing that relief regarding [m]andatory [m]inimum [s]entences must be deemed retroactive, because severance of the violative provisions from the statute are not in compliance with legislative intent, and are thus unconstitutional. Therefore, this is a substantive ruling that must be held retroactive? [sic]

(Appellant's Brief, at 4).

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our standard of review for questions of law is *de novo*, and our scope of review is plenary. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

However, before this Court, or the PCRA court, can review the merits of a PCRA petition, it must be determined if the petition was timely. Generally, a PCRA petition must be filed within one year from the date a judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). There are three exceptions to this time requirement: (1) interference by government officials with the presentation of the claim; (2) newly discovered facts which could not have been discovered by the exercise of due diligence; and (3) an after-recognized constitutional right held to be retroactive. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). When a petitioner pleads and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within sixty days of the date the claims could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot consider untimely petitions. *See Commonwealth v. Brandon*, 51 A.3d 231, 233–34 (Pa. Super. 2012).

Here, as previously noted, Appellant's judgment of sentence became final on October 25, 2011, when the time for seeking a writ of *certiorari* from the United States Supreme Court expired. He had one year to file a timely PCRA petition. Appellant filed the instant petition on July 29, 2015, almost four years later. Therefore, Appellant's petition is untimely on its face unless he pleads and proves one of the three statutory exceptions to the time-bar.

Appellant argues, in effect, that the imposition of a mandatory minimum sentence rendered his sentence illegal. (*See* Appellant's Brief, at 7). Citing *Hopkins*, *supra*, and *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007), he maintains that his assertion of an illegal sentence is non-waivable. (*See id.*). He also argues that the *Hopkins* decision should be "deemed retroactive as a substantive ruling." (*Id.* at 5). Appellant's arguments do not merit relief.

Our Supreme Court has explained:

The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See, e.g., Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court

has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court could] consider the issue *sua sponte,* as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475–76 (Pa. 2003) (some citations omitted).

The PCRA's timeliness rules apply even to claims, such as Appellant's, that implicate the legality of a sentence. *See Fahy, supra* at 223 (claims challenging legality of sentence are subject to review within PCRA, but must first satisfy PCRA's time limits); *Commonwealth v. Jackson,* 30 A.3d 516, 522 (Pa. Super. 2011), *appeal denied,* 47 A.3d 845 (Pa. 2012) ("court has no authority to extend filing periods except as [section 9545] permits") (citing *Fahy*); *Jones, supra* at 182 (where petitioner files untimely PCRA petition raising legality of sentence claim, jurisdictional limits of PCRA render claim incapable of review). Accordingly, Appellant misapprehends the import of the holding in *Jones*. (*See* Appellant's Brief, at 7).

> "Though not technically waivable, a legality claim may nevertheless be lost should it be raised for the first time in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Slotcavage,* 939 A.2d 901, 903 n.4 (Pa. Super. 2007) (citation omitted). "[W]hen a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review." *Commonwealth v. Jones,* 932 A.2d 179, 182 (Pa. Super. 2007).

- 6 -

*Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1173 n.9 (Pa. Super. 2008), *appeal denied*, 963 A.2d 470 (Pa. 2009). Appellant's "non-waivable" claim of an illegal sentence does not merit relief.

Appellant also maintains that he is entitled to an exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii)[3] under *Hopkins*, *supra*, which, he asserts, **must** be deemed to apply retroactively to his appeal. (*See* Appellant's Brief, at 9). We disagree.

First, *Hopkins* was a direct appeal, not a collateral appeal under the PCRA. Secondly, as we have already noted, *Hopkins* relies on *Alleyne*, *supra* for its decision. ("In sum, as detailed above, we find that numerous provisions of Section 6317 are unconstitutional in light of the United States Supreme Court's decision in *Alleyne*."). *Hopkins*, *supra* at 258.

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012),

---

[3] Subsection (b)(1)(iii) provides an exception if "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

> *citing* **Tyler v. Cain**, 533 U.S. 656, 663, 121 S. Ct. 2478, 150 L.Ed.2d 632 (2001); **see also, e.g., Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

**Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (footnote omitted).

Finally, on this issue, we note that our Supreme Court has recently decided that **Alleyne** does not apply retroactively to cases pending on collateral review. **See Commonwealth v. Washington**, No. 37 EAP 2015 at *16 (Pa. filed July 19, 2016). Appellant's judgment of sentence is not illegal on account of **Alleyne**. **See id.**

In the last part of his first question, Appellant claims that he is entitled to relief because 42 Pa.C.S.A. § 5505 "allows the [c]ourt to retain jurisdiction to correct patent and obvious errors[.]" (Appellant's Brief, at 4). Appellant's claim lacks merit.

Appellant presents a question of law for which our scope of review is plenary and our standard of review is *de novo*. **See Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007).

Preliminarily, we note that Appellant confuses the inherent power of a trial court to correct patent or obvious errors with the more limited statutory

powers provided in section 5505, not to mention this Court's independent role of error correction. Applying section 5505, as Appellant urges us to do, would have no legal effect, as the power to modify or rescind provided in section 5505 expires, at the latest, thirty days after the entry of the order in question.[4] Moreover, the statutory provision limit is not relevant, because Appellant appealed from the judgment of sentence.

In any event, it is true that trial courts also have inherent power to correct orders by vacating illegal sentences despite the expiration of the modification period provided by statute in 42 Pa.C.S.A. § 5505. *See Holmes*, *supra* at 65.

However, under controlling authority Appellant's argument presents no exception to the statutory time-bar. "[W]hen the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious." *Jackson*,

---

[4] Section 5505 provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, **if no appeal from such order has been taken or allowed**.

42 Pa.C.S.A. § 5505 (emphasis added).

*supra* at 523. Appellant's first claim presents no statutory exception to the PCRA time-bar and would not merit relief.

In his second claim, Appellant argues, in effect, that **Hopkins** applies retroactively. (**See** Appellant's Brief, at 9-15). We disagree. **See Washington**, **supra** at *16.[5]

Appellant has failed to plead and prove a statutory exception to the PCRA time-bar. The PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016

---

[5] "This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." **Miller**, **supra** at 995 (citations omitted). **See also Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015) (recognizing that under **Miller** this Court has declined to construe **Alleyne** as applying retroactively to cases during PCRA review).